IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

TRUSTEES OF THE STEAMSHIP
TRADE ASSOCIATION-WATERFRONT    *
GUARD ASSOCIATION PENSION
PLAN, ET AL.,                   *

    Plaintiffs                  *      CIVIL NO.: WDQ-06-784

v.                              *

PAUL S. PETERS ET AL.,          *

    Defendants                  *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*


MEMORANDUM OPINION

This action arises out of alleged misappropriations of funds in violation of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA").  The Trustees of the Steamship Trade Association-Waterfront Guard Association Pension and Welfare Plans and Eugene Speicher and David Hartman, trustees of the Plans,[1] have sued, *inter alia*,[2] T.R. Klein & Company, P.A., the Plans' accounting firm ("Klein")for professional negligence under Maryland common law in the preparation and completion of the 2002 I.R.S. Form 5500 (tax returns) and the audits for the Plans' 2002 and 2003 financial statements.

---

[1] The Pension Plan is an employee pension benefit plan and the Welfare Plan is an employee welfare plan.

[2] The Plaintiffs have settled with Defendants Paul Peters, Gregory Miller and Gregory Loveland.  As of Aug. 10, 2006, the Plaintiffs and Robert Armentrout, Karl Shawn Schlenz and Brian Armentrout had settled in principle.

Pending is Klein's motion to dismiss or, in the alternative, for summary judgment. For the following reasons, the motion for summary judgment will be denied.

I.   Background

In 2003, Klein contracted to audit and prepare tax returns for the Plans for the year ending December 31, 2002. Am. Compl. ¶ 21. In October 2003, Paul S. Peters, the Plan Administrator, provided Klein with the Plans' bank statements. Supp. Mem. Ex. A (Affidavit of Klein's Vice President, Carol Malstrom ¶ 5). In 2004, Klein again contracted to audit the Plans for the year ending December 31, 2003. *Id*. ¶ 8. In October 2005, Klein provided to the Trustees draft audit reports for the Plans which were dated October 2, 2003. *Id*. ¶ 15, Am. Compl. ¶ 25. From 2002 to 2005 Plan assets fell and misappropriation was suspected. Am. Compl. ¶¶ 23, 26.

The Trustees allege that Klein delayed filing the 2002 Form 5500, which resulted in penalties imposed by the IRS on February 6, 2006. Am. Compl. ¶ 37. The Trustees further allege that Klein deviated from standards of professional conduct in the preparation of the Plans' 2002 and 2003 audits and financial statements when Klein failed to inform the Trustees that Peters had not supplied the requisite financial data. The Trustees brought this action on March 27, 2006.

II.  Analysis

Klein has moved to dismiss or, in the alternative, for summary judgment arguing that: 1) the Trustees cannot prove negligence with respect to the preparation of the audits; 2) the Trustees' contributory negligence bars recovery under Maryland Law; and 3) Klein properly prepared the Plans' 2002 tax returns.

The Trustees counter that: 1) Klein breached its duty to the Trustees; and 2) the Trustees were not contributorily negligent.

A.  Standard of Review

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The opposing party, however, must produce evidence upon which a reasonable fact finder could rely. *Celotex*, 477 U.S. at 317.  The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

3

B.   Professional Negligence

To prove professional negligence of an accountant under Maryland law, the Plaintiffs must prove: (1) a duty owed to them; (2) a breach of that duty; (3) a legally cognizable causal relationship between the breach of duty and the harm suffered; and (4) damages. *E.F. Hutton Mortg. Corp. v. Pappas*, 690 F.Supp 1465, 1470 (D. Md. 1988) (*citing Jacques v. First National Bank*, 307 Md. 527, 531 (1986)).

1.   Tax Preparation

With respect to the preparation of 2002 Form 5500, Klein argues that it fulfilled its duty by completing the form and sending it to Peters on October 15, 2003 for him to sign and file with the IRS.  Malstrom Aff. ¶ 12.  An accompanying letter contained instructions to file the papers on or before the November 18, 2003 deadline. *Id.*, Supp. Mem. Ex. 3 (Oct. 15, 2003 letter from Malstrom to Peters).

The Trustees have provided no evidence disputing Malstrom's sworn affidavit.  Am. Compl. ¶¶ 37, 53.  As the Trustees cannot rely solely on the allegations of the complaint, Fed.R.Civ.P 56(e), *Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir. 1994), they have failed to establish liability for Klein's preparation of the 2002 Form 5500.

2.   Audit Preparation

With respect to the audits of the Plans' financial statements, Klein argues that because it owed no duty to the Trustees to provide an audit, it cannot be liable for professional negligence in performing those audits.  Klein argues that its contract made Peters responsible for providing accurate financial information to Klein.  Supp. Mem. Ex. 2 at 2.  The Trustees argue that Generally Accepted Auditing Standards (GAAS) imposed a duty on Klein and that this duty was not fulfilled. Klein counters that since it had not commenced the audit, GAAS did not apply and the contractual duty applies.

In analyzing a duty one must determine: 1) whether a duty is owed and to whom? and 2) if a duty was owed, was it breached?

Klein has focused on its contractual duty but overlooked its duty under tort law.  In Maryland, the existence of a legal duty is a question of law to be decided by the court.  *Doe v. Pharmacia & Upjohn Co., Inc.*, 388 Md. 407, 414 (2005).  "[I]f the risk created by negligent conduct is no greater than one of economic loss, generally no tort duty will be found absent a showing of privity or its equivalent." *Jacques*, 307 Md. at 537. This requirement for the imposition of tort liability is satisfied by contractual privity.  *Id*. at 534-35.  But "[w]hen the existence of a legal duty depends on a determination of a dispute of material fact, the facts should first be determined by

the fact finder." *Corinaldi v. Columbia Courtyard, Inc.*, 162 Md. App. 207, 218 (Md. App. 2005).

Klein argues that the only duty owed to the Trustees is that imposed by contract.  Klein argues that its engagement letters demonstrate that no duty to perform the audits was owed to the Trustees because the letters made the Trustees responsible for providing all financial records and related information to Klein. Supp. Mem. Ex. 1 at 2 (May 7, 2003 letter from Klein to Peters).

There is evidence that Klein and the Trustees were in contractual privity.  The engagement letter states that "[i]f [Klein] becomes aware of. . . reportable conditions, [Klein] will communicate them to the Board of Trustees in a separate letter." Opp'n. Mem. Ex. 2 at 2 (May 7, 2003 letter from Klein to Peters). Reportable conditions include matters that in the auditor's judgment should be communicated because they represent significant deficiencies in the design or operation of internal control.  Opp. Mem. Ex. 5  (AICPA Professional Auditing Standards § 325).  Peters' lack of cooperation is arguably a reportable condition.  Viewing this evidence in favor of the Trustees, there is a question of material fact whether Klein's failure to report Peters' lack of cooperation breached a contractual duty.

Although an accountant's obligation is determined by contract, he or she must exercise reasonable care and skill in performing his or her work. *Social Sec. Admin. Baltimore Federal*

*Credit Union v. United States*, 138 F. Supp. 639, 657 (D. Md. 1956).  Thus, contractual privity may create a tort duty as well. *Jacques*, 307 Md. at 541.  These tort and contractual duties are not necessarily coextensive.  Here, the tort duty may not be the same as the duty to perform under the contract, i.e. to complete the audits.

The Trustees argue that Klein owed a tort duty under GAAS regardless of Klein's contractual obligation to complete the financial audits.  Klein argues that no duty was owed under GAAS because the audit process was not commenced.  There is evidence that the initial audit had begun because Klein sent a second engagement letter to conduct a subsequent audit.  Malstrom Aff. ¶ 8.  Also, Klein arguably had information to begin the audit process because it had received bank statements which allowed it to prepare a draft audit upon the Trustees' demand.  *Id*. ¶ 15, Supp. Mem. Ex. 4-7.  Viewing the evidence in the Trustees' favor, a reasonable jury could find that Klein had commenced the audit and assumed GAAS duties in addition to its contractual duty.

Under GAAS, the auditor should inform the audit committee of any serious difficulties encountered; this may include unreasonable delays by management in permitting commencement of the audit or in providing needed information. Opp'n. Mem. Ex. 4 (AICPA Professional Auditing Standards § 380.16).  Clearly, GAAS may apply before commencement of the audit.  Klein argues that

the duty does not *require* it to report to the Trustees; however GAAS merely does not preclude an auditor from reporting.  Reply Mem. at 4 and Ex. 1 (AICPA Professional Auditing Standards §9380.03).  Whether Klein breached the duty owed to the Trustees is a question of fact for the jury.  *Valentine v. On Target, Inc.*, 353 Md. 544, 549 (1999).  Accordingly, Klein may be liable for professional negligence in the preparation of the audited financial statements.

Klein argues that the Trustees by and through Peters were contributorily negligent.  There is a factual dispute whether the information that Peters provided, if acted upon by Klein in a timely manner, would have been sufficient to alert Klein so that the prospective unsubstantiated transfers and other disbursements could have been prevented.  The Court, therefore, finds that the question of contributory negligence is not appropriate for determination by summary judgment.

III.    Conclusion

For the reasons stated above, the Court finds no genuine issue of material fact as to Klein's preparation of 2002 Form 5500.  The Court, however, finds a genuine issue of material fact as to Klein's preparation of the financial audits.  Accordingly, Klein's motion for summary judgment is denied.

| | |
|---|---|
| __August 30, 2006 | _____/S/_____ |
| Date | William D. Quarles, Jr. |
| | United States District Judge |